UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D KURTZ and
ALISANNY MONTERO,

        Plaintiffs,

v.

STATE OF WISCONSIN, et al

        Defendants.

Case No. 24-cv-0682-bhl

## SCREENING ORDER

On May 31, 2024, Plaintiffs James D. Kurtz and Alisanny Montero, proceeding *pro se*, filed a confusing 20-page complaint against 49 defendants, including the State of Wisconsin, Governor Tony Evers, Sheboygan County, the Town of Rhine, and multiple local officials, judges, private individuals, and companies. (ECF No. 1.) Plaintiffs invoke several federal statutes, including 42 U.S.C. §§ 1983, 1985 and 1986, as well as the Fourth, Fifth, and Fourteenth Amendments, and the Americans with Disabilities Act (ADA). The gist of the complaint appears to concern the seizure of several items of real and personal property from Plaintiffs, along with Plaintiffs' unhappiness with the outcome of a prior state court lawsuit involving some of the defendants and the same property. A review of this Court's records confirms that this lawsuit is just the latest in a series of frivolous filings by Kurtz and others acting with him. Given this history and the obvious frivolousness of their current pleading, the Court will not allow Plaintiffs to proceed further and burden defendants with having to respond to Plaintiffs' meritless allegations. Accordingly, utilizing its screening authority, *see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)), the Court will dismiss Plaintiffs' complaint with prejudice.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim

showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

Plaintiffs Kurtz and Montero are husband and wife and residents of Plymouth, Wisconsin. (ECF No. 1 at 2.) Their complaint identifies 49 defendants including the State of Wisconsin, various state and local judges and officials, several pieces of real and/or personal property, and a number of private corporations and individuals. (*Id.* at 2–3.)

Plaintiffs suggest that someone, perhaps one or more of the defendants, unlawfully took Plaintiffs' real and personal property from them. Plaintiffs allege the "felony seizures of Kurtz farm and house" in 2009, (*id.* at 10), and the seizure of a piece of real property termed "Lauretta Court" in 2021. (*Id.* at 11–13.) Plaintiffs also allege a December 24, 2021 seizure of a "40 foot by 9.5 foot container and contents" from the Lauretta Court property. (*Id.* at 5, 13.) Plaintiffs do not allege how any of these alleged seizures might give rise to federal claims against any of the many defendants they seek to sue.

Plaintiffs also refer to an underlying state court case from 2022 relating to the Lauretta Court property. They allege that Attorney Herbert Humke, representing Mike Schwaller and Schwaller Family LLC, "committed perjury and or false swearing and instructed his client Schwaller to do the same obstructing the due course of justice by falsifying there were no fences in the area in question." (*Id.* at 14.) Plaintiffs also attach documents appearing to be transcripts from an unknown proceeding and a handwritten map transposed over a digital map. (*Id.* at 15–19.)

ANALYSIS

Plaintiffs' allegations, to the extent they are discernible, are insufficient to state claims against any specific defendant. It appears from the complaint that the real and personal property seizures that form the basis of Plaintiffs' dispute may have been pursuant to judicial orders in the state courts. To the extent they are, the *Rooker-Feldman* doctrine bars this Court from reviewing those judgments. *See Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999) ("The *Rooker–Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments.") (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983)). And while Plaintiffs may raise constitutional or other federal claims, they must do so by providing "a short and plain statement of the claim showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' complaint is long, rambling, often incomprehensible, and does not provide clear allegations sufficient to put any defendant on notice of a claim against him or her. Accordingly, the complaint will be dismissed. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable.").

While the Court would ordinarily provide Plaintiffs with an opportunity to file an amended complaint that more plainly states the allegations they wish to make, doing so here would be futile. Plaintiff James Kurtz, formerly known as James Lammers,[1] has a long history of frivolous litigation. His *pro se* filings in the Eastern District of Wisconsin date back at least as far as 1987. (*See* Case No. 87-cv-0533-JPS.) In 1991, the Court barred Kurtz from filing suit in this district

---

[1] Kurtz began a motion to reopen one of his many dismissed suits by stating, "now comes James D. Kurtz formerly known as James Lammers a fabricated name manufactured unlawfully by the State of Wisconsin and Janet C. Lammers." (ECF No. 66, Case No. 87-cv-0533-JPS.) Orders from Judge Lynn Adelman and Chief Judge Pamela Pepper confirm the same. *See Mucha v. Wisconsin*, No. 12-cv-202-la, 2012 WL 5331220, at *1 (E.D. Wis. Oct. 26, 2012); *Montero v. Walker*, No. 19-cv-581-pp, 2020 WL 433885, at *1 n.1 (E.D. Wis. Jan. 28, 2020).

without prior judicial approval. *See Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, *1 (7th Cir. 1999) (unpublished table decision). Kurtz still managed to file approximately 40 appeals and petitions in the years following. *Id.* Then, on November 24, 1999, the Seventh Circuit entered a *Mack* order, barring Kurtz from filing "any complaint, appeal, or other paper in any civil litigation anywhere in this circuit," until he paid all outstanding sanctions and fees from his many suits throughout the circuit. *Id.* at *1–2 (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). The Seventh Circuit's *Mack* order stemmed the tide of frivolous filings, but Kurtz made attempts to circumvent the filing bar. In 2009, Judge Rudolph Randa dismissed a suit brought by Diane K. Mueller after determining she brought claims on behalf of Kurtz to circumvent his filing bar. (Case No. 09-cv-0546-RTR, ECF No. 4.) In 2012, Judge Lynn Adelman dismissed a suit brought by Mueller and Thomas Mucha after he determined Kurtz was the real party in interest. (Case No. 12-cv-0202-LA, ECF No. 60.) In 2020, Chief Judge Pamela Pepper dismissed with prejudice a suit brought by Kurtz, Montero, and Mueller pursuant to Kurtz's *Mack* bar. *Montero v. Walker*, No. 19-cv-581-pp, 2020 WL 433885 (E.D. Wis. Jan. 28, 2020). As to Montero, Judge Pepper noted that this was her first appearance in one of Kurtz's cases, but warned that she could be subject to sanctions if she participated in any further attempts to assist Kurtz in avoiding the Seventh Circuit's filing bar. *Id.* at *4.

On May 26, 2023, the Seventh Circuit lifted Kurtz's filing bar after he paid his fees in full. Order, *Lammers v. Ellerd*, No. 98-3634 (7th Cir. May 26, 2023), ECF No. 15. The court of appeals warned Kurtz that further frivolous filings would "lead to the reinstatement of a filing bar and possible monetary sanctions." *Id.* Following the *Mack* bar's lifting, Kurtz has been busy. He filed motions to reopen at least three closed cases, including one dating back to 1987. (*See* Case No. 12-cv-0202-LA, ECF No. 83; Case No. 19-cv-0581-pp, ECF No. 77; Case No. 87-cv-0533-JPA, ECF No. 66.) In *Mucha v. Wisconsin*, Kurtz has also filed motions for an injunction and to amend the complaint, as well as a "motion for orders and to enforce rights." (Case No. 12-cv-0202-LA, ECF Nos. 88, 90, 98.) Judge Adelman denied his motion to reopen on April 3, 2024, (*Id.*, ECF No. 94), after which Kurtz appealed. (*Id.*, ECF Nos. 99–102.)

It is against this backdrop that the Court will deny Kurtz and Montero leave to amend. While some of the latest allegations may arise from more recent events, the overall subject of this suit bears many of the same hallmarks of Kurtz's previous meritless filings. Kurtz and Montero's suit before Chief Judge Pepper was also brought against a similar laundry list of many of the same

defendants. *See Montero*, 2020 WL 433885. In that suit, Kurtz alleged "that the 'state/county' stole [his] house, property, and barn in 2009," "that the defendants 'kidnapped' Kurtz and disguised it as an arrest," and that "various court and government officials conspired to effectuate these alleged injustices." *Id.* at *1. Chief Judge Pepper also noted that Kurtz stated "various other sometimes incomprehensible allegations." *Id.* Kurtz's 2012 suit before Judge Adelman was much the same. (*See* Case No. 12-cv-0202-LA, ECF No. 1.) That complaint also appears to center around the 2009 property seizure and alleged some manner of inscrutable conspiracy "by the state and the county and their agents and associates in fact . . . ." (*Id.* at 3–5.) It thus appears that many of Plaintiffs' claims have already been litigated in this Court and dismissed with prejudice.

Kurtz's extensive history of meritless and often incomprehensible litigation confirms that giving Plaintiffs' an opportunity to file an amended complaint would bring them no closer to stating plausible federal claims that are appropriately before this Court and brought against proper defendants. Accordingly, the complaint will be dismissed with prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

## Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Janet C. Lammers and Gust C. Lammers's Motion to Dismiss, ECF No. 3, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Cory Roesler, Bradley Robinson, Chad Baumann, and Ellen Schleicher's Motion to Dismiss, ECF No. 9, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on July 9, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge